## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CALVIN FINCH,

      Petitioner,

vs.                                                                          No. CIV 15-1080 JB/LAM

FNU LNU, TOM HAVEL, and
NEW MEXICO ATTORNEY GENERAL,

      Respondent.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court under rules 4 and 11 of the Rules Governing Section 2254 Cases, on: (i) Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 17, 2015 (Doc. 7); and (ii) the Amended Petition, filed December 30, 2015 (Doc. 8)(collectively, "the Amended Petition"). Petitioner Calvin Finch is proceeding pro se and in forma pauperis. The Court will dismiss the Amended Petition.

Finch filed his original Petition for writ of habeas corpus under 28 U.S.C. § 2254, filed November 23, 2015 (Doc. 1), and an Application to Proceed in District Court Without Prepaying Fees or Costs, filed November 23, 2015 (Doc. 2) on November 23, 2015. On December 4, 2015, the Court granted Finch's Application to Proceed and ordered Petitioner to file an Amended Petition. See Order Granting Application to Proceed in Forma Pauperis and For an Amended Petition, filed December 4, 2015 (Doc. 4). Finch filed the first Amended Petition under 28 U.S.C. § 2254 on December 17, 2015, and then filed a second document titled Amended Petition against Tom Havel Filed by Calvin Finch on December 30, 2015.

The Court may take judicial notice of its own records.  See Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972).  The Court takes judicial notice that Finch has a prior Petition for writ of habeas corpus currently pending before the Court.  See Calvin Dee Finch, Petitioner v. Tom Havel, Warden, Respondent, No. CIV 15-843 KG/CG, filed September 21, 2015 (D.N.M.)(Doc. 1).  That Petition is proceeding under 28 U.S.C. § 2241 in that the constitutional claims are for alleged violations during pretrial detention rather than for post-conviction relief.  See Order, filed November 17, 2015 in No. CIV 15-843 KG/CG (Doc. 6). The Amended Petition in this case raises the same pretrial detainee claims asserted in No. CIV 15-843.

A review of the filings in this case and in No. CIV 15-843 KG/CG discloses that, in 2010, Finch was charged with driving while intoxicated, driving on a suspended license, and vehicular homicide.  He pled guilty to all charges except the vehicular homicide charge and was convicted by a state court jury of vehicular homicide while driving under the influence of intoxicating liquor in 2010.  The Eleventh Judicial District Court, State of New Mexico, sentenced Finch to a total term of imprisonment of twenty-five years.  Finch appealed from the jury verdict on the vehicular homicide charge. The New Mexico appellate courts reversed and remanded the conviction in 2013 for retrial of the vehicular homicide charge. The retrial has been set and vacated multiple times.  Although he raises a number of issues relating to the original trial and conviction, the essential allegations of Finch's Amended Petition are that he has been deprived of rights to bail and a speedy trial in violation of the Sixth Amendment and the due process clause of the Fourteenth Amendment by a two-year delay in retrial of the vehicular homicide charge.

Finch filed his Amended Petition under 28 U.S.C. § 2254.  Section 2254 states:

[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  The Court has jurisdiction under Section 2254 only where the petitioner is in state custody pursuant to a final state court judgment.  A pretrial detainee is not in state custody pursuant to a final judgment, and Finch's claims for alleged constitutional violations as a pretrial detainee are not within the Court's § 2254 jurisdiction.  See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987); Phillips v. Court of Common Pleas, 668 F.3d 804, 809 (6th Cir. 2012); Jacobs v. McCaughtry, 251 F.3d 596, 597 (7th Cir. 2001).

The Court is permitted to construe Finch's pretrial detention claims as brought under 28 U.S.C. § 2241.  See, e.g., Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998).  Finch already, however, has a § 2241 proceeding pending in which he has pled the same alleged pretrial violations and can raise all of his issues. There is no basis or need for a second § 2241 proceeding.  The Court will construe the Amended Petition as it was filed under § 2254 and dismiss the Amended Petition for lack of jurisdiction.

The Court also finds that Finch has failed to make a substantial showing of the denial of a constitutional right.  The Court will therefore deny a certificate of appealability under 28 U.S.C. §§ 2253(c)(1)(A) and 2253(c)(2).

**IT IS ORDERED** that Petitioner Calvin Finch's Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, filed December 17, 2015 (Doc. 7), and the Amended Petition, filed December 30, 2015 (Doc. 8) are dismissed for lack of jurisdiction without prejudice to Petitioner Calvin Finch's claims in Cause No. CIV 15-0843 KG/CG, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Calvin Finch
San Juan County Detention Center
Farmington, New Mexico

    *Plaintiff pro se*